IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Leon Charley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:25-cv-651-BHH |
| v. ) | |
| ) | **ORDER** |
| Mark Warchol, Lauren Maurice, Auline ) | |
| Ponder, Brenda Shealy, Patricia A. ) | |
| Howard, Michael Hunt, Mr. Gallom, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Timothy Leon Charley's ("Charley") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On February 27, 2025, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") considering Plaintiff's motion to proceed *in forma pauperis* and recommending that the Court deny it because Plaintiff has more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). The Magistrate Judge explained that, due to Plaintiff's prior strikes, and because Plaintiff does not plausibly allege that he is under "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Plaintiff cannot proceed with this action *in forma pauperis* and must instead pay the filing fee of $405.00 before he may proceed.

Attached to the Report was a notice advising Plaintiff of his right to file specific, written objections to the Report within 14 days of receiving a copy. On March 13, 2025, Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 13.) After *de*

*novo* review, however, the Court finds no merit to Plaintiff's objections, and the Court agrees with the Magistrate Judge's findings and analysis.[1]  Accordingly, the Court adopts the Magistrate Judge's Report in full.  The Court grants Plaintiff 21 days to pay the filing fee of $405.00, and if Plaintiff does not do so, then the case will be dismissed.

In addition to the foregoing, the Magistrate Judge issued a second Report on March 14, 2025, evaluating Plaintiff's motion for preliminary injunction and recommending that the Court deny the motion.  (*See* ECF Nos. 12, 17.)  Specifically, the Magistrate Judge found that Plaintiff had not shown that he was likely to succeed on the merits and had not alleged that he would be harmed by his continued incarceration while his pending criminal charges proceed in the Aiken and Orangeburg County courts.  (ECF No. 17.)  Attached to the Report was a notice advising Plaintiff of his right to file specific, written objections to the Report within 14 days of receiving a copy.  On April 4, 2025, Plaintiff filed objections to the Magistrate Judge's Report.  (ECF No. 20.)

Here again, however, after *de novo* review, the Court finds no merit to Plaintiff's objections and fully agrees with the Magistrate Judge's analysis.  As the Magistrate Judge properly concluded, Plaintiff has not demonstrated that he is likely to succeed on the merits, as the Court agrees with the Magistrate Judge that Plaintiff's claims are subject to dismissal for multiple reasons: (1) Plaintiff's request that he be released from the detention center seeks relief the Court cannot grant under § 1983; (2) Plaintiff's claims are barred by

---

[1] The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

*Heck v. Humphrey*; (3) the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because federal courts should not interfere with ongoing state criminal proceedings except in very narrow circumstances not present here; and (4) certain Defendants are immune from suit. Accordingly, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report, thereby denying Plaintiff's motion for preliminary injunction.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Reports (ECF Nos. 8, 17); the Court overrules Plaintiff's objections (ECF Nos. 13, 20); the Court denies Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2); and the Court denies Plaintiff's motion for preliminary injunction (ECF No. 12). Plaintiff shall have 21 days to pay the full filing fee of $405.00 or this case will be dismissed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 7, 2025
Charleston, South Carolina